J. S17033/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| STEVEN CRAIG MORRISON, | : | No. 1597 MDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered July 9, 2019,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0003060-1992

BEFORE:  PANELLA, P.J., STABILE, J. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED: APRIL 27, 2020**

Steven Craig Morrison appeals from the July 9, 2019 order dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  Contemporaneously with this appeal, Edwin G. Pfursich, Esq. ("PCRA counsel"), has requested leave to withdraw in accordance with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (***en banc***).  After careful review, we grant PCRA counsel leave to withdraw and affirm the order of the PCRA court.[1]

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows:  On July 13, 1993, appellant pled guilty to

---

[1] The Commonwealth has elected not to file a brief in this matter.

statutory sexual assault, aggravated indecent assault, indecent assault, and corruption of minors[2] in connection with his repeated sexual assault of a minor female victim over a two-year period. The victim was between five and six years old at the time these assaults occurred. On August 27, 1993, the trial court sentenced appellant to 9½ to 30 years' imprisonment. On March 29, 1994, a panel of this court affirmed appellant's judgment of sentence, and appellant did not seek allowance of appeal with our supreme court. *See Commonwealth v. Morrison*, 644 A.2d 807 (Pa.Super. 1994).

On July 7, 1994, appellant filed his first *pro se* PCRA petition. Counsel was subsequently appointed and filed an amended petition on appellant's behalf. Following an evidentiary hearing, the PCRA court denied appellant's petition on February 13, 1995. Appellant did not file a direct appeal. As best we can discern from the docket, appellant filed no less than ten unsuccessful PCRA petitions from 1995 to 2016. On June 24, 2019, appellant filed the instant *pro se* PCRA petition. On July 1, 2019, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Appellant filed a *pro se* response to the PCRA court's Rule 907 notice on July 8, 2019. Thereafter, on July 9, 2019, the PCRA court dismissed appellant's petition as untimely.

Appellant filed a timely *pro se* notice of appeal on July 18, 2019. On September 20, 2019, the PCRA court appointed PCRA counsel to represent

---

[2] 18 Pa.C.S.A. §§ 3122, 3125, 3126(a)(6), and 6301(a), respectively.

appellant and directed him to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On October 15, 2019, PCRA counsel filed a statement of intent to file an *Anders*/*McClendon*[3] brief in lieu of a concise statement, pursuant to Pa.R.A.P. 1925(c)(4). On October 24, 2019, the PCRA court filed a one-page Rule 1925(a) opinion indicating that it was relying on the reasoning set forth in its July 1, 2019 opinion authored in support of its Rule 907 notice. Thereafter, on February 10, 2020, PCRA counsel filed a petition to withdraw, improperly couched as an *Anders*/*McClendon* brief. Appellant did not file a *pro se* response to PCRA counsel's petition.

On February 12, 2020, this court entered a *per curiam* order striking PCRA counsel's *Anders* brief and denying his petition to withdraw, without prejudice, on the grounds that it failed to satisfy the requirements set forth in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). The order further directed PCRA counsel "to refile with this Court a new application to withdraw and accompanying no-merit letter that complies with all of the procedural and substantive requirements of [*Turner*/*Finley*] or an advocate's brief[.]" (*Per curiam* order, 2/12/20.) On February 24, 2020, PCRA counsel filed another petition and brief to withdraw, again styling it as an *Anders* brief.

---

[3] *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981).

We begin by addressing PCRA counsel's request to withdraw from representation. In **Commonwealth v. Muzzy**, 141 A.3d 509 (Pa.Super. 2016), a panel of this court reiterated the procedure to be followed when PCRA counsel seeks permission to withdraw from representation:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under [**Turner**/**Finley**] and . . . must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
>> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed **pro se** or by new counsel.
>>
>> . . . .
>>
>> Where counsel submits a petition and no[-]merit letter that . . . satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Muzzy**, 141 A.3d at 510-511 (some bracketed internal citations amended; case citations omitted).

- 4 -

Herein, we find that PCRA counsel's filing with this court, while couched as an *Anders* brief, complied with the requirements of *Turner*/*Finley*. *See Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004) (holding that although "[a] *Turner*/*Finley* no[-]merit letter is the appropriate filing [in a PCRA proceeding,] . . . because an *Anders* brief provides greater protection to the defendant, we may accept an *Anders* brief in lieu of a *Turner*/*Finley* letter"), *appeal denied*, 882 A.2d 477 (Pa. 2005). Specifically, PCRA counsel's brief and petition to the court detailed the nature and extent of his review. PCRA counsel first identified the pertinent factual and procedural history and examined the issues appellant raised in both his PCRA petition and plethora of *pro se* filings with the PCRA court. (*Turner*/*Finley* letter[4] at 5, 8-9.) Thereafter, PCRA counsel explained the reasons why appellant's underlying PCRA petition is untimely and appellant's claim failed to satisfy an exception to the PCRA time-bar. (*Id.* at 8-9.) Lastly, the record reflects that counsel served appellant with a copy of his petition to withdraw and advised appellant of his right to proceed *pro se* or with the assistance of privately retained counsel. (*See* "Application for Leave to Withdraw as Counsel," 2/24/20 at Exhibit A.) Appellant did not respond. We find that counsel's request for leave to withdraw from representation satisfies the requirements of *Turner*/*Finley*. *See Commonwealth v. Karanicolas*,

---

[4] Although improperly couched as an *Anders* brief, for the ease of our discussion we refer to PCRA counsel's brief as a "*Turner*/*Finley*" letter.

836 A.2d 940, 947 (Pa.Super. 2003) (stating that substantial compliance with requirements will satisfy the *Turner*/*Finley* criteria). Accordingly, we must now conduct our own review of the record and render a decision as to whether the appeal is without merit.

Prior to consideration of the merits of any claims PCRA counsel raises on appellant's behalf, we must consider the timeliness of appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). If a PCRA petition is untimely, a court lacks jurisdiction over the petition. *Commonwealth v. Callahan*, 101 A.3d 118, 120-121 (Pa.Super. 2014).

Here, appellant's judgment of sentence became final on April 28, 1994, 30 days after a panel of this court affirmed his judgment of sentence and the deadline for filing a petition for allowance of appeal with our supreme court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* Pa.R.A.P. 1113. Accordingly, appellant had until April 28, 1995 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant's instant PCRA petition, filed over

24 years past the deadline on June 24, 2019, is patently untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in Section 9545(b)(1).

The three statutory exceptions to the PCRA time-bar are as follows:

> (i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Here, the crux of appellant's argument is that the PCRA court erred in denying his petition as untimely because "he was denied a copy of his pre-sentence report prior to his sentencing hearing and that this report may contain evidence of due process violations." (***Turner/Finley*** letter at 8-9; ***see also*** "Motion for Re-Argument," 7/18/19 at ¶ 1.) Appellant contends this satisfies the newly discovered fact exception to the PCRA time-bar set forth in Section 9545(b)(1)(ii).

Our supreme court has long recognized that the newly discovered fact exception "has two components, which must be alleged and proved. Namely, the petitioner must establish that: (1) the facts upon which the claim was predicated were unknown; and (2) [those facts] could not have been ascertained by the exercise of due diligence." *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007). Due diligence requires a petitioner to take reasonable efforts to uncover facts that may support a claim for collateral relief. *Commonwealth v. Burton*, 121 A.3d 1063, 1071 (Pa.Super. 2015) (*en banc*), *affirmed*, 158 A.3d 618 (Pa. 2017). A petitioner must explain why he could not have learned the new facts earlier by exercising due diligence. *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001).

Contrary to appellant's contention, the fact that the pre-sentence report "**may contain** evidence of due process violations" does not constitute a newly discovered fact that would invoke the protections afforded by Section 9545(b)(1)(ii). Appellant has failed to present a scintilla of verifiable evidence to support his contention that he was denied a copy of his pre-sentence report prior to his sentencing hearing; nor has appellant alleged what specific due process violations occurred in this case. Additionally, even if appellant's claim met the underlying requirements of Section 9545(b)(1), he still would not be entitled to any relief. Appellant has failed to demonstrate that he exercised due diligence in raising this exception to the PCRA time-bar within one year of the date it could have been presented, as required by

Section 9545(b)(2).  Here, appellant's sentencing hearing was conducted on August 23, 1993, and appellant did not file the instant *pro se* PCRA petition raising said claim until June 24, 2019, nearly 26 years later.

Based on the foregoing, we discern no error on the part of the PCRA court in dismissing appellant's PCRA petition as untimely and grant PCRA counsel's petition for leave to withdraw.

Order affirmed.  Petition for leave to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/27/2020